Mark S. Bosco, State Bar No. 010167
Leonard J. McDonald, State Bar No. 014228
J. Daryl Dorsey, State Bar No. 024237

**TB TIFFANY & BOSCO**
P.A.

Third Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-9240
Telephone: (602) 255-6000
Facsimile:   (602) 255-0103
msb@tblaw.com; ljm@tblaw.com, jdd@tblaw.com
*Attorneys for Provident Funding*

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Joseph G. Max and Tamera J. Max,<br><br>Debtor | Chapter 11 Proceedings<br><br>Case No. 2:09-bk-23427-RJH<br><br>**RESPONSE TO DEBTORS' OBJECTION TO LODGED ORDER GRANTING STAY RELIEF** |
| Provident Funding,<br>                         Movant,<br>v.<br>Joseph G. Max and Tamera,<br>                         Respondents. | Hearing Date: August 2, 2009<br>Hearing Time: 10:00 a.m.<br>Courtroom: 603 |

Creditor Provident Funding, by and through undersigned counsel, hereby responds to Joseph G. Max and Tamara J. Max's ("Debtors") Objection to the Notice of Lodging Order Granting Stay Relief, pursuant to the Court's directive at the July 19, 2010 status conference in Adversary Proceeding, Case No. 2:10-ap-461-RJH.

437448                                                -1-

## BACKGROUND

Provident Funding filed a Motion for the Relief from the Automatic Stay ("Motion") regarding the Debtor's real property, located at 5 N. Grey Eagle Road, Crown King, Arizona, on December 17, 2009. The Motion was docketed as Docket No. 48. The Debtors filed a response to the Motion on December 31, 2009. (Docket No. 52) A review of the case docket reveals that the preliminary hearing was set on February 10, 2010, but it was vacated and continued to March 22, 2010.

The March 22, 2010 Minute Entry reflects that the attorney for Provident Funding appeared, but counsel for the Debtors did not appear timely, but was advised that stay relief was granted. The Court did not waive the 14-day stay. At the July 19th status conference in Adversary Proceeding, Case No. 2:10-ap-461-RJH, the Court required Provident Funding to respond to the Debtors' Objection to the Lodged Order Granting Stay Relief.

## LEGAL ARGUMENT

It is clear that counsel for the Debtors received notice of the hearing on the Motion for Stay Relief and, therefore, the objection to the lodged order granting stay relief is without merit. The March 22nd minute entry clearly states that Debtors' counsel appeared, but appeared untimely after the Court had already ruled in favor of Provident Funding.

Even if counsel had not received notice, the notice of hearing on the Motion for Relief from Stay was served on the Debtors at their address, 3457 E. Ellis Street, Mesa, Arizona. This is the precise address that Debtors provided on their bankruptcy petition. Consequently, the Debtors were properly notified of the Motion for Relief from Stay and the hearing set for March 22, 2010. Upon information and belief, their counsel receives electronic notification of all motions and hearings as Debtors' counsel.

In this case, it is apparent that Debtors' counsel at least received electronic notification of the hearing to appear at the hearing, albeit untimely. The Code and the Bankruptcy Rules require "notice and a hearing" prior to granting relief from the stay. Section 362(d); see Bankruptcy

Rules 4001(a) and 9014. The Code defines "after notice and hearing" and similar phrases to mean such notice and opportunity for a hearing as is appropriate in the particular circumstances. Section 102(1). Similarly, due process is a flexible concept that calls for such protection as the situation demands. *In re Wade*, 115 B.R. 222, 229 (B.A.P. 9th Cir. 1990) aff'd, 948 F.2d 1122 (9th Cir. 1991), *citing*, *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). Here, Debtors received notice of the hearing by mail and their counsel appeared at the hearing, only late. Debtors, therefore, cannot argue in good faith that they did not have notice (directly or through counsel) of the hearing.

As the Debtors and their counsel received notice of the hearing, the objection to the lodged order should not serve as a motion for reconsideration of the Court granting stay relief. There is nothing in the language in the Order granting stay relief that violates the Code or prejudices the Debtors. Debtors are simply trying to take a second bite of the apple by objecting to the Lodged Order when they failed to timely appear at the stay relief motion hearing. The objection is without merit and should be denied.

The Debtors also object to the Lodged Order for Stay Relief for the reason that they commenced an adversary proceeding against Provident Funding regarding the subject property in order to determine the validity and value of Provident Funding's claim. However, it is undisputed that the Amended Complaint alleges the wrong address serving as Provident Funding's collateral. Furthermore, the allegations and the supporting documentation also reference different addresses. The Debtors were supposed to file a second amendment to the Complaint to correct this disparity, but have failed to do so[1]. Accordingly, Debtors' reference in their Objection that they have filed an Adversary proceeding (with inaccurate allegations) provides no basis to support the objection to the Lodged Order. Therefore, the Court should deny the Debtors' Objection.

---

[1] Debtors were to file the Second Amended Complaint by July 26, 2010.

437448 -3-

1     Accordingly, Provident Funding requests that the Court overrule the Debtors' Objection
2 to the Lodged Order and find that stay relief was granted properly in the case.

3     Dated: July 26, 2010           TIFFANY & BOSCO, P.A.

4                                   By: /s/ J. Daryl Dorsey #024237

5                                   Mark S. Bosco
                                    Leonard J. McDonald
6                                   J. Daryl Dorsey
                                  TIFFANY & BOSCO, P.A.
7                                   Camelback Esplanade II
                                  Third Floor
8                                   2525 East Camelback Road
                                  Phoenix, AZ 85016
9                                   Telephone: (602) 255-6000
10                                  Facsimile: (602) 255-0103
                                  E-mail:msb@tblaw.com
11                                           ljm@tblaw.com
                                          jdd@tblaw.com
12                                   *Attorneys for Provident Funding*

13 **FOREGOING** electronically filed this 26th
day of July, 2010, with the United States
14 Bankruptcy Court, District of Arizona, and
served by mail and email on the following
15 parties:

16 Nassar Abujbarah
The Law Offices of Nasser Abujbarah.
17 7025 E. McDowell Rd., Ste 9
Scottsdale, Arizona 85257
*Attorney for Debtor*
18

19 /s/ Erica A. Meany