```
Nasser U. Abujbarah (026182)
The Law Offices of Nasser U. Abujbarah
7025 E. McDowell Road, Ste. 9
Scottsdale, Arizona 85257
Office: (480) 776-6846
Fax: (480) 776-6847
Email: Nasser@nualegal.com
```
*Attorney for Debtor*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| In re:<br><br>JOSEPH AND TAMERA MAX,<br><br>Debtors.<br><br>Provident Funding and Wells Fargo,<br><br>Secured Creditors,<br><br>v.<br><br>Joseph and Tamera Max,<br><br>Debtors in Possesison. | Case No. 2:09-bk-23427-RJH<br><br>Chapter 11<br><br>**Joint Pre-Trial Statement**<br><br>Date: August 11, 2010<br>Time: 2:30 p.m.<br>Ctrm: 603<br>Place: 230 North First Avenue,<br>Phoenix, Arizona |

   Secured Creditors, Provident Funding and Wells Fargo, its assignees and/or successors, by and through their counsel undersigned pursuant to the Court's Order setting Final Evidentiary Hearing, Debtors, David and Kirsten Myers ("Respondents"), by and through their undersigned attorneys in compliance with the Court's Order setting and Local Rule 7016-1 submits the

1

following Joint Pretrial Statement.

**I.      Statement of the Case**

This is a final evidentiary hearing on confirmation of Debtors Chapter 11 plan of reorganization. More specifically, regarding two pieces of real property generally described as 22733 Eagle Mine Road, Crown King, Arizona ("The Provident Property") and real property located at 2626 North Dayton Street, Phoenix, Arizona ("The Wells Fargo Property). This Court has jurisdiction pursuant to 28 U.S.C. § 1334. On or about 09/21/2009, Debtors filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. § 362, the Petition stays the commencement or continuation of any proceedings against the Debtor or any act to obtain possession of any property of the Debtor or to enforce any lien against any property of the Debtor. The filing of this Motion commences a contested matter within the meaning of Bankruptcy Rule 9014.

**II.     Uncontested facts deemed material**

1.      Provident Funding entered into a contract with Debtors wherein Debtors agreed to pay the amount of $227,600. The obligation is evidenced by a Note and secured by a Deed of Trust and Assignment of Deed of Trust.

2.      America's Servicing Company entered into a contract with Debtors wherein Debtors agreed to pay the amount of $224,000. The obligation is evidenced by a Note and secured by a Deed of Trust and Assignment of Deed of Trust.

3.      For the purposes of the Evidentiary Hearing, the parties do not stipulate to value but do stipulate to the amount owed.

5.      There is no equity in the subject property.

**III.    Contested issues of fact or law deemed to be material by both parties**

1. **What is the value of the Provident Property?**

   **Debtor**

   Debtor believes the value of the Provident Property is based on a CMA?BPO completed by Occassio Realty. A copy of the valuation has been provided to opposing counsel.

   **Respondent**

   Respondent feels the value of the property is a moot point as Respondent was granted relief on the property on 3/31/2010. Though the Debtor has objected to the Order Vacating Stay and the objection has not yet been ruled upon Respondent feels confident that the response filed with the courts warrants the objection to be overruled. For arguments sake the Respondent feels the value to be $220,000.00 per the BPO provided by Freddie Mac and prepared by Emily Lane.

2. **What is the value of the Wells Fargo Property?**

   **Debtor**

   Debtor believes the value of the Wells Fargo Property is $93,975 based on a CMA/BPO completed by Occassio Realty. A copy of the valuation has been provided to opposing counsel.

   **Respondent**
   Respondent agrees with Debtor that the fair market value of the property is $93,975.00

3. **What interest rate should be applied to the mortgages?**

   **Debtor**

   According to *In re Till*, an interest rate should be market rate of interest (prime) plus a risk factor. Recent decisions have stated a risk factor in Chapter 11 to be two points. Prime rate for the month of August 2010, as calculated by the Wall Street Journal, is 3.25%.

   As such, Debtor believes the interest rate applied to the loans should be 5.25%.

   **Respondent**

   Respondent is in agreement with Debtors assessment of the 5.25% interest rate and feels

that it is acceptable; however interest only payments are not. Respondent is willing to accept the lowered interest rate only if the payments are comprised of interest and principle. This interest rate is accepted for the lien interest held by Wells Fargo and reiterates that Relief was granted on the lien interest held by Provident Bank.

IV. **Separate statement of contested issues of fact or law**

### Debtor

Debtor has earmarked $30,043.50 to its general unsecured creditors. These monies will be paid over five years and will be derived from excess rental income and the Debtors' disposable income. Debtors will be present to testify as to their ability to fund the plan. Debtors have also provided a detailed budget, updated Profit and Loss, and updated Pay Stubs, which show an increase in Debtors' salary.

### Respondent

If the Court deems Relief be reinstated on the lien interest held by Provident Bank, Respondent will file the Proof of Claim accordingly to reflect the unsecured portion of its lien, as determined by the Court.

Once the unsecured amount has been determined by the Court Wells Fargo will proceed with its filing or amending of its Proof of Claim to reflect the unsecured portion of the lien.

V. **List of witnesses**

### Debtor

1. Debtors, Joseph and Tamera Max.

### Respondent

1. To Be Determined

## VI. List of Exhibits

### Debtor

Copy of the CMA's for both subject properties.

Budget of Debtors

Profit and Loss of Debtors

Recent Pay Stubs of Debtors

### Respondent

BPO for 22733 Grey Eagle (Provident Bank)

Granted Order for Relief from Stay on 22733 Grey Eagle (Provident Bank)

Debtor's Objection to Lodged Order for Relief

Respondent's response to Debtor's Objection

**1. Declaration of Debtor**

## VII. Time required

### Debtor

1 hour

### Respondent

## VIII. Exchange of witnesses and exhibits

### Debtor

Debtor has delivered copies of all exhibits to secured creditor.

5

**Respondent**
Respondent has or will provide all exhibits to Debtors prior to hearing date.

Respectfully submitted,

Dated: August 9, 2010     By: /s/ 
Leonard J McDonald
Attorney for Secured
Creditor/Movant

**Law Office of Offices Of Nasser U. Abujbarah**

Dated: August 9, 2010     By: /s/ Nasser U. Abujbarah
Nasser U. Abujbarah, Esq.
Attorney for Debtor/Respondent